**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LARRY HUNTER**                                                                     **PLAINTIFF**

**v.**                      **NO. 4:25-cv-00769-DPM-PSH**

**GREENWICH INSURANCE COMPANY**                                  **DEFENDANT**

<u>ORDER</u>

On October 18, 2022, plaintiff Larry Hunter ("Hunter") was driving a vehicle owned by his employer within the scope of his employment. The vehicle was insured by defendant Greenwich Insurance Company ("Greenwich") pursuant to policy number RAD9437830-05. A vehicle driven by Gillian Pearl Depriest ("Depriest) was approaching from the opposite direction when her vehicle crossed the center line of the highway and collided head-on with the vehicle driven by Hunter. Depriest died at the scene of the accident. Hunter survived but sustained injuries.

Hunter settled with Depriest's Estate for the sum of $25,000.00, which was the limits of the liability insurance policy covering Depriest's vehicle. Hunter provided written notice of the settlement to Greenwich.

In the notice, he also demanded payment of his remaining damages from the underinsured motorist coverage provided in RAD9437830-05. When Greenwich failed to respond to his demand, he filed the case at bar.

In Hunter's complaint, he asked that he be awarded $269,651.39 in damages from the underinsured motorist coverage of RAD 9437830-05, less the $25,000.00 he received from Depriest's Estate. Thus, he sought damages in the amount of $244,651.39, "plus all costs of Court and for other general and equitable relief." See Docket Entry 1 at CM/ECF 3.[1]

Hunter properly served Greenwich with a summons and the complaint. When Greenwich failed to answer or otherwise respond, Hunter filed a motion for the entry of a default. United States District Judge D.P. Marshall Jr. granted the motion and referred this case for a hearing on damages and a recommendation.

In preparation of the hearing, the Court requested and received a brief from Hunter. In the brief, he alleged that he is entitled to recover the full amount of his claim, i.e., $244,657.39, "plus a penalty of twelve (12%) per cent ($29,358.89), plus a reasonable attorney's fee of $73,395.00 (30%), ..." See Docket Entry 13 at CM/ECF 9.

---

[1]    In a subsequently filed motion for default, Hunter again asked for a sum of damages, "together with all costs of Court and prays for general relief." See Docket Entry 5 at CM/ECF 2.

2

On June 4, 2026, the Court conducted a hearing on damages. Hunter acknowledged at the outset of the hearing that he did not possess a copy of RAD9437830-05 and did not know its underinsured motorist policy limits. He represented, though, that the limits are undoubtedly in excess of his damage request. The undersigned has no reason to doubt his representation but notes that the policy limits are unknown.

The Court has begun crafting a recommendation for Judge Marshall. As a part of doing so, the Court is considering the propriety of recommending an award of a twelve percent penalty and attorney's fees.

Ark. Code Ann. 23-79-208 provides for a twelve percent penalty, together with all reasonable attorney's fees, for the prosecution and collection of a loss.[2] The Arkansas Supreme Court has interpreted the statute as providing that "[i]n the event an insurer wrongfully refuses to pay benefits under an insurance policy, the insured may recover the

---

[2]    Specifically, Ark. Code Ann. 23-79-208(a)(1) provides the following:

> In all cases in which loss occurs and the cargo, property, marine, casualty, fidelity, surety, cyclone, tornado, life, accident and health, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association or company liable therefor shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

overdue benefits, twelve percent ... damages upon the amount of the loss, and reasonable attorney['s] fees." See Running M Farms, Inc. v. Farm Bureau Mutual Insurance Co. of Arkansas, 371 Ark. 308, 265 S.W.3d 740, 743 (2007). With respect to the twelve percent penalty, the United States Court of Appeals for the Eighth Circuit has observed the following:

> Section 23–79–208 punishes the unwarranted delaying tactics of insurers and encourages plaintiffs to state their claims accurately. As the Arkansas Supreme Court has explained, the "penalty and attorneys' fees is for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it." [Citation omitted]. As became evident during the course of litigation, Southern Pine demanded substantially more in its complaint than it was entitled to receive. The district court's denial of relief pursuant to ... 23–79–208 was thus consistent with both the clear language of that statute and the policy that the statute was designed to serve.

See Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc., 358 F.3d 1086, 1089 (8th Cir.2004). With respect to attorney's fees, courts are generally asked to determine them based on a lodestar method, but fees can be awarded based on a contingent fee arrangement. See Metropolitan Property & Casualty Insurance Co. v. Calvin, No. 4:12-cv-00223-BSM, 2016 WL 7031305 (E.D.Ark. Apr. 25, 2016). With respect to the latter arrangement, the state Supreme Court observed the following:

4

... the reasonableness of the attorney's fee is determined by examining the following factors: (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. [Citations omitted]. While courts should be guided by the foregoing factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees. [Citations omitted].

See Running M Farms, Inc. v. Farm Bureau Mutual Insurance Co. of Arkansas, 265 S.W.3d at 743. See also Burgess v. Trustmark Insurance Co., No. 4:05-cv-01760-GTE, 2007 WL 496757 (E.D.Ark. Feb. 13, 2007) (analyzing claim for attorney's fees based on contingency arrangement).

The Court would likely benefit from Hunter's input on two matters germane to his request for a twelve percent penalty and attorney's fees in this case. Those matters are:

**First**, the Court would like to know the extent to which a request for a penalty and reasonable attorney's fees pursuant to Ark. Code Ann. 23–79–208 must be specifically pleaded, i.e., whether it is necessary to allege entitlement to the penalty and fees in the complaint in order to receive them at the conclusion of the case.

5

**Second**, Hunter should substantiate his request for attorney's fees. If the lodestar method should be used, he should provide the reasonable hours his attorney worked on the case and counsel's hourly rate. If this fee request is based on a contingency arrangement, Hunter should provide some analysis of the factors for determining a reasonable fee in this case.

Hunter is asked to respond to the matters addressed in this Order. He is given up to, and including, July 6, 2026, to file a response to the Order.

IT IS SO ORDERED this 17th day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE